1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255

Geragos@Geragos.com

ALEXANDRA KAZARIAN          SBN 244494
DEV DAS                                    SBN 320712

Attorneys for *Plaintiffs*, ESTATE OF KENNETH DALE SUMNER; KERRI SUMNER, individually and as successor-in-interest to KENNETH DALE SUMNER; and D.S.A., a minor, by and through her guardian ad litem, KERRI SUMNER

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF KENNETH DALE SUMNER; KERRI SUMNER, individually and as successors-in-interest to KENNETH DALE SUMNER; and D.S.A., a minor, by and through her guardian ad litem, KERRI SUMNER<br><br>*Plaintiff*,<br><br>vs.<br><br>STATE OF CALIFORNIA, a sovereign State under the Constitution and laws of the United States on behalf of the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and CORCORAN STATE PRISON; DOES 1-20<br><br>Defendants | Claim No.:  Unassigned<br><br>**COMPLAINT FOR DAMAGES:**<br>1. VIOLATION OF CIVIL RIGHTS – 4TH AMENDMENT - EXCESSIVE FORCE, 42 U.S.C. SECTION 1983<br>2. VIOLATION OF CIVIL RIGHTS – 8TH AMENDMENT - EXCESSIVE FORCE, 42 U.S.C. SECTION 1983<br>3. VIOLATION OF CIVIL RIGHTS – 8TH AMENDMENT – MEDICAL CARE, 42 U.S.C. SECTION 1983<br>4. VIOLATION OF CIVIL RIGHTS – *MONELL* VIOLATION – UNCONSTITUTIONAL MUNICIPAL CUSTOM , 42 U.S.C. SECTION 1983<br>5. FAILURE TO FURNISH PRISONER MEDICAL CARE UNDER GOVERNMENT CODE 845.6<br>6. WRONGFUL DEATH<br>7. MEDICAL MALPRACTICE<br>8. NEGLIGENT SUPERVISION<br><br>**DEMAND FOR JURY TRIAL** |

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**INTRODUCTION**

1.    Plaintiff Kerri Sumner bring this Complaint individually and as successor-in-interest to Kenneth Dale Sumner and on behalf of co-Plaintiff, D.S.A., a minor, against Defendant State of California on behalf of the California Department of Corrections and Rehabilitation and Corcoran State Prison and against unidentified individual state actors (DOE Defendants 1-20) for civil rights violations incurred by Kenneth Sumner, from the injuries he suffered on July 7, 2021 which caused his death on July 12, 2021 and for the general and specific damages incurred by Kerri Sumner due to his wrongful death.

**PARTIES**

2.    Kerri Sumner is an individual residing in the state of California. She is Mr. Sumner's mother, heir, and successor-in-interest. She is also guardian ad litem for co-Plaintiff, D.S.A., Mr. Sumner's daughter.

3.    Plaintiff D.S.A. is a minor, and the daughter of the late Kenneth Sumner.

4.    At all relevant times, Defendant State of California ("the State") is a sovereign State under the Constitution and laws of the United States and assumes the liabilities on behalf of the California Department of Corrections and Rehabilitation and Corcoran State Prison.

5.    Plaintiffs are unaware of the true names and capacities of the Defendants named herein as DOES 1 through 20, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave of court to amend this complaint to allege the true names and capacities of said Defendants when the same are ascertained. On information and belief, Plaintiffs allege that each of the aforesaid fictitiously named Defendants are responsible in some manner for the happenings and occurrences hereinafter alleged, and the Plaintiff's damages and injuries as herein alleged were caused by the conduct of said Defendants.

**JURISDICTION, VENUE, AND NOTICE**

6.    This Court has jurisdiction over the entire action because this is a civil action

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 South Figueroa Street
Los Angeles, California 90017-3411

1  of federal question arising under the United States Constitution and because all other actions

2  occurred under the common nucleus of operative fact. 28 U.S. Code §§ 1331, 1367; *United*

3  *Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130 (1966).

4                                    **GENERAL ALLEGATIONS**

5          7.      Kenneth Sumner was a healthy 37 year old male serving his sentence at the

6  Corcoran State Prison-SATF when, on July 7, 2021, an unknown individual assaulted him,

7  inflicting critical blunt force head and chest trauma with such force to the head that stellate

8  lacerations from his assaulter's boot remained visible on his face for days following the

9  assault.

10         8.      The staff who discovered Mr. Sumner had no sense of and never ascertained

11  how much time elapsed between the assault and their discovering his body. When the staff

12  discovered Mr. Sumner, he was in cardiac arrest.

13         9.      The prison staff initiated a helicopter transfer of Mr. Sumner to Kaweah Delta

14  Medical Center. The admitting doctor, Dr. Nicole S. Atherton noted that Mr. Sumner was

15  apneic and pulseless upon arrival. Dr. Atherton also noted Mr. Sumner's distinct stellate

16  lacerations with avulsion on Mr. Sumner's left forehead and scalp, presumably caused by a

17  boot, which upon information and belief prisoners cannot wear under Corcoran State Prison

18  Policy.

19         10.     The Kaweah Delta Doctors placed Mr. Sumner on life support upon arrival.

20  However, Mr. Sumner died five days later due to his injuries sustained in the assault.

21         11.     Mr. Sumner's mother, Kerri Sumner, arrived at the hospital on July 8th, the day

22  after the assault. Mrs. Sumner stayed with her son until he died. However, no one told Mrs.

23  Sumner of her son's cause of death until months later. To this date, the State still has not

24  revealed who killed Kenneth Sumner.

25         12.     The circumstances surrounding Kenneth Sumner's death lead to an inference

26  of negligence and civil rights violations. Mr. Sumner was attacked while under the

27  supervision of Corcoran State Prison staff and guards. His untimely death could not have

28

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO., NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

ordinarily occurred absent negligence and civil rights violations under the Fourth and Eighth Amendments of the U.S. Constitution. Corcoran State Prison had a duty to ensure that Mr. Sumner was safely monitored while he was in custody, a duty which includes intervening when inmates are attacked by other inmates. Corcoran State Prison and the California Department of Corrections and Rehabilitation are presumed jointly responsible for Kenneth Sumner's death because they were jointly and exclusively charged with his custody and care. Accordingly, Corcoran State Prison's failure to care for Mr. Sumner while he was in custody combined with the failure to monitor their inmates effectively are presumptively the actual and proximate causes of Mr. Sumner's untimely death.

13.     For the foregoing reasons, Plaintiffs bring the following causes of action.

## FIRST CAUSE OF ACTION

### Violation of Civil Rights – Fourth Amendment – Excessive Force,

### 42 U.S.C. § 1983

### (Plaintiffs Against All Defendants)

14.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

15.     Upon information and belief and upon understanding that prisoners are prohibited from wearing or keeping boots, from which follows the inference that Mr. Sumner sustained the injuries which caused his death by force of prison staff, Plaintiff asserts that under no circumstance would such force be reasonable. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994) ("In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners.").

16.     At all relevant times, Defendant State of California ("the State") was liable for the intentional or reckless or negligent actions of the California Department of Corrections and Rehabilitation and Corcoran State Prison which, under color of state law, violated Mr.

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Sumner's constitutional rights under the Fourth Amendment to the Constitution of the United States. The relevant provisions of the Fourth Amendment are applicable against the states pursuant to the Fourteenth Amendment to the Constitution of the United States and actionable against persons (including municipalities) through 42 U.S.C. Section 1983.

17.     On information and belief, no action was taken to investigate into the assault of Mr. Sumner and no prison officials faced disciplinary actions, reflecting an unconstitutional municipal custom that allows for prison officials to use excessive and fatal force against prisoners without repercussion and allows for prison officials to neglect their duty to protect inmates from unreasonable harm incurred from fellow inmates and address incidents requiring immediate medical attention where an official knew or should have known about the incident.

18.     Defendants are liable for all damages under the circumstances which may be just, including but not limited to emotional distress, loss of consortium, loss of companionship, and loss of love and support.

## SECOND CAUSE OF ACTION

### Violation of Civil Rights – Eighth Amendment – Excessive Force,

### 42 U.S.C. § 1983

### (Plaintiffs Against All Defendants)

19.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

20.     Plaintiffs assert that if Mr. Sumner's assaulter was a fellow inmate or prison personnel, his untimely death could not have occurred absent intentional or reckless negligence. *Hudson v. Palmer*, 468 U.S. 517, 526-527, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984) (prison officials must "take reasonable measures to guarantee the safety of the inmates.").

21.     At all relevant times, the State was liable for the intentional or reckless or

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

negligent actions of the California Department of Corrections and Rehabilitation and Corcoran State Prison which, under color of state law, violated Mr. Sumner's constitutional rights under the Fourth Amendment to the Constitution of the United States. The relevant provisions of the Fourth Amendment are applicable against the states pursuant to the Fourteenth Amendment to the Constitution of the United States and actionable against persons (including municipalities) through 42 U.S.C. Section 1983.

22.    Defendants are liable for all damages under the circumstances which may be just, including but not limited to emotional distress, loss of consortium, loss of companionship, and loss of love and support.

### THIRD CAUSE OF ACTION

**Violation of Civil Rights – Eighth Amendment – Medical Care,**

**42 U.S.C. § 1983**

**(Plaintiffs Against All Defendants)**

23.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

24.    Plaintiffs assert that if Mr. Sumner's assaulter was a fellow inmate rather than a prison personnel, his untimely death could not have occurred absent intentional or reckless negligence. *Estelle* v. *Gamble*, 429 U.S. 97, 104-105, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment.").

25.    At all relevant times, the State was liable for the intentional or reckless or negligent actions of the California Department of Corrections and Rehabilitation and Corcoran State Prison which, under color of state law, violated Mr. Sumner's constitutional rights under the Fourth Amendment to the Constitution of the United States. The relevant provisions of the Fourth Amendment are applicable against the states pursuant to the Fourteenth Amendment to the Constitution of the United States and actionable against

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1  persons (including municipalities) through 42 U.S.C. Section 1983.

2      26.    Defendants are liable for all damages under the circumstances which may be

3  just, including but not limited to emotional distress, loss of consortium, loss of

4  companionship, and loss of love and support.

6  **<u>FOURTH CAUSE OF ACTION</u>**

7  ***Monell* Violation—Unconstitutional Municipal Custom**

8  **42 U.S.C. section 1983**

9  **(Plaintiffs against all Defendants)**

10      27.    Plaintiffs reallege and incorporate by reference each and every allegation

11  contained in the preceding paragraphs as if fully set forth herein.

12      28.    At all relevant times, the State was liable for the intentional or reckless or

13  negligent actions of the California Department of Corrections and Rehabilitation and

14  Corcoran State Prison which, under color of state law, violated Mr. Sumner's constitutional

15  rights under the Fourth and Eighth Amendments to the Constitution of the United States. The

16  relevant provisions of the Fourth And Eighth Amendments are applicable against the states

17  pursuant to the Fourteenth Amendment to the Constitution of the United States and

18  actionable against persons (including municipalities) through 42 U.S.C. Section 1983.

19      29.    Plaintiffs allege that Mr. Sumner's untimely death was caused by

20  unconstitutional and pervasive customs, policies, and practices by Defendants including but

21  not limited to systemic failures to train, supervise, and monitor prison personnel.

22      30.    Defendants are liable for all damages under the circumstances which may be

23  just, including but not limited to emotional distress, loss of consortium, loss of

24  companionship, and loss of love and support.

25  ///

26  ///

27  ///

28

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**FIFTH CAUSE OF ACTION**

**Failure to Furnish Prisoner Medical Care,**

**California Government Code § 845.6**

**(Plaintiffs Against All Defendants)**

31.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32.     Upon information and belief, Mr. Sumner was assaulted and lay in cardiac arrest for an unspecified amount of time before he received medical attention. The critical nature of the repeated blows that Mr. Sumner incurred to his head and chest, resulting in multiple hematomas and a collapsed lung, and ultimately is untimely death, supports the inference that the assault was not noiseless; prison officials had reason to know that a prisoner needed protection and attention. Furthermore, the medical care which Mr. Sumner received was unreasonably tardy and compounded the harm caused to Mr. Sumner that led to his death.

33.     At all relevant times, the State was liable for the intentional or reckless or negligent actions of the California Department of Corrections and Rehabilitation and Corcoran State Prison which, under color of state law, failed to take reasonable action to supply Mr. Sumner with medical care.

34.     Defendants are liable for all damages under the circumstances which may be just, including but not limited to emotional distress, loss of consortium, loss of companionship, and loss of love and support.


**SIXTH CAUSE OF ACTION**

**Wrongful Death,**

**Cal Code Civ Proc § 377.60**

**(Plaintiffs Against All Defendants)**

35.     Plaintiffs reallege and incorporates by reference each and every allegation

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

contained in the preceding paragraphs as if fully set forth herein.

36.    At all relevant times, the State was liable for the intentional or reckless or negligent actions of the California Department of Corrections and Rehabilitation and Corcoran State Prison which, under color of state law, employed EMT prison officials who, by failing to find and address Mr. Sumner's medical needs for an unspecified amount of time, breached their duty of care to provide reasonable medical care to prisoners who require immediate medical attention that the officials knew or should have known the prisoner required and therefore caused Mr. Sumner's untimely death.

37.    Defendants are liable for all damages under the circumstances which may be just, including but not limited to emotional distress, loss of consortium, loss of companionship, and loss of love and support.

## SEVENTH CAUSE OF ACTION

### Medical Malpractice

### (Plaintiffs Against All Defendants)

38.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

39.    At all relevant times, the State was liable for the intentional or reckless or negligent actions of the California Department of Corrections and Rehabilitation and Corcoran State Prison which, under color of state law, employed EMT prison officials who, by failing to find and address Mr. Sumner's medical needs for an unspecified amount of time, breached their duty of care to provide reasonable medical care to prisoners who require immediate medical attention that the officials knew or should have known the prisoner required and therefore caused Mr. Sumner's untimely death.

40.    Defendants are liable for all damages under the circumstances which may be just, including but not limited to emotional distress, loss of consortium, loss of companionship, and loss of love and support.

GERAGOS&GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**EIGHTH CAUSE OF ACTION**

**Negligent Supervision**

**(Plaintiffs Against All Defendants)**

41.    Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

42.    At all relevant times, the State was liable for the intentional or reckless or negligent actions of the California Department of Corrections and Rehabilitation and Corcoran State Prison which, under color of state law, employed EMT prison officials who, by failing to find and address Mr. Sumner's medical needs for an unspecified amount of time, breached their duty of care to provide reasonable medical care to prisoners who require immediate medical attention that the officials knew or should have known the prisoner required and therefore caused Mr. Sumner's untimely death.

43.    Defendants are liable for all damages under the circumstances which may be just, including but not limited to emotional distress, loss of consortium, loss of companionship, and loss of love and support.

**WHEREFORE, Plaintiffs pray for judgment as follows:**

1.  For general damages in an amount to be determined by proof at trial;

2.  For special damages in an amount to be determined by proof at trial;

3.  For punitive and exemplary damages;

4.  For costs of suit;

5.  For reasonable attorneys' fees as provided by statute; and

6.  For such other and further relief as the Court deems just and proper.

///

///

///

///

COMPLAINT - 10

1    DATED:  September 16, 2022          **GERAGOS & GERAGOS, APC**

2

3

4                                        By: _____
                                             ALEXANDRA KAZARIAN
5                                            DEV DAS
                                             Attorney for Claimants
6                                            KERRI SUMNER

7

8                        **DEMAND FOR JURY TRIAL**

9

10          Plaintiff hereby demands a jury trial.

11

12

13   DATED:  September 16, 2022          **GERAGOS & GERAGOS, APC**

14

15                                       By: _____
                                             ALEXANDRA KAZARIAN
16                                           DEV DAS
                                             Attorney for Claimants
17                                           KERRI SUMNER

18

19

20

21

22

23

24

25

26

27

28