UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF KENNETH DALE SUMNER, KERRI SUMNER, individually and as successors-in-interest to KENNETH DALE SUMNER; and D.S.A., a minor, by and through her guardian ad litem, KERRI SUMNER,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; DAVID AGUILAR; HUNTER DUNCAN; LENOARDO HERNANDEZ; ANTHONY LUNA; ISAAC SALCEDO; ANTHONY VELASQUEZ; OKALANI LATU, an individual; and DOES 7-20,<br><br>Defendants. | No.  2:22-cv-01638-JAM-DB<br><br>**ORDER GRANTING CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S MOTION TO DISMISS** |

The estate of Kenneth Sumner ("Sumner"), Kerri Sumner, and Sumner's minor child (collectively "Plaintiffs") filed this lawsuit against the California Department of Corrections and Rehabilitation ("CDCR"), various CDCR officers, Okalani Latu ("Latu"), and fictitious persons, alleging a host of civil rights

1

violations relating to Sumner's incarceration at CDCR's Substance Abuse Treatment Facility ("SATF") in Corcoran, California. See Second Am. Compl. ("SAC"), ECF No. 27.  CDCR filed a motion to dismiss ("motion"), asking the court to dismiss all of Plaintiffs' claims against it.  See Mot. to Dismiss ("Mot."), ECF No. 29.  Plaintiffs filed their opposition and CDCR replied.  See Opp'n, ECF No. 36; Reply, ECF No. 38.

For the reasons explained below, the Court GRANTS CDCR's motion to dismiss with prejudice.[1]

I.   BACKGROUND

Sumner was incarcerated at CDCR's SATF in Corcoran, California where he shared a cell with Latu.  See SAC ¶ 19. After hearing "loud knocking noises" and observing "blood coming from the bottom" of Sumner's and Latu's cell, Officer Duncan activated his personal alarm.  See Id. ¶¶ 23-25.  Sergeant Salcedo and Officers Aguilar, Hernandez, Velasquez, and Luna responded to the scene.  Id. ¶¶ 26-28.  Officer Duncan opened the cell's door and Officers Hernandez and Aguilar removed Latu to a holding cell.  See Id. ¶ 28.  Meanwhile, the remaining Officers discovered Sumner on the cell's floor in cardiac arrest.  See Id. ¶ 25, 31.  Sumner was airlifted to Kaweah Delta Medical Center and found apneic and pulseless upon arrival.  See Id. ¶ 31. Sumner was placed on life support but died five days later.  See Id. ¶ 33. This lawsuit was filed approximately one year after

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 25, 2023.

Sumner's death.

## II.   OPINION

### A.   Legal Standard

When weighing a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).  However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  However, "a formulaic recitation of a cause of action's elements will not do."  Twombly, 127 S. Ct. at 1965.  Such statements are "legal conclusion[s] couched as factual allegation[s]" that must be dismissed.  Papasan v. Allain, 106 S. Ct. 2932, 2944 (1986).

### B.   Analysis

CDCR asks the court to dismiss Plaintiffs' claims against it because: (1) the Eleventh Amendment immunizes it from suit in federal court; and (2) the Supreme Court has determined it is not "a person" under § 1983.  See Mot. at 2.  In opposition, Plaintiffs ignore CDCR's Eleventh Amendment defense entirely, arguing instead that: (1) they "met and exceeded their burden at the pleading stage;" and (2) the Supreme Court's Decision in

Bostock v. Clayton Cty., 140 S.Ct. 1731, 1738 (2020) "is forcing courts to reexamine" § 1983's "preclusion of states being sued for police misconduct." Opp'n at 3, 4-5.

### 1. CDCR's Eleventh Amendment Immunity

The Eleventh Amendment protects a state from suit in federal court unless the state expressly waives, or Congress abrogates, this constitutional shield. See Kentucky v. Graham, 473 U.S. 159, 169 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). This prohibition extends to state agencies—like CDCR. See Aranda v. Martel, 416 F. App'x 651 (9th Cir. 2011) ("The [CDCR], as a state agency, is immune from suit under the Eleventh Amendment"). The Eleventh Amendment therefore prohibits litigants from pursuing both federal and "pendent state claims against nonconsenting state defendants in federal courts." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004)

CDCR did not waive, nor has Congress abrogated, its immunity under the Eleventh Amendment. In turn, the Eleventh Amendment unequivocally precludes Plaintiffs claims against CDCR. The Court therefore finds Plaintiffs failed to state a plausible cause of action against CDCR and dismisses their claims accordingly. Plaintiffs' failure to address CDCR's Eleventh Amendment argument further supports the Court's conclusion. Specifically, such an omission indicates Plaintiffs concede CDCR's Eleventh Amendment immunity. See Resnick v. Hyundai Motor America, Inc., No. CV 16-00593-BRO (PJWx), 2017 WL 1531192 at *22, (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that

argument"). The Court dismisses all claims against CDCR with prejudice finding that amendment would be futile. See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (finding leave to amend need not be granted when amendment would be futile).

    2. Plaintiffs Cannot Sue CDCR Under 42 U.S.C. § 1983

In addition to the Eleventh Amendment shield raised by CDCR, the Supreme Court has determined that state agencies are not "persons" under § 1983. Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365(1990) (stating a state agency "is not a 'person' within the meaning of § 1983"). As a result, CDCR cannot be held liable under § 1983 as a matter of law.

Despite this uncontested precedent, Plaintiffs urge the Court to hold the opposite based on the Supreme Court's decision in Bostock v. Clayton Cty., 140 S.Ct. 1731, 1738 (2020). Plaintiffs argue that Bostock has prompted courts "to reexamine § 1983 and how states should not necessarily be precluded from liability, especially when they have direct involvement in the violation of an individual's federal rights." Opp'n at 5. Bostock, however, is clearly distinguishable from the instant case. (Bostock involved the issue of whether an "employer who fires an individual for being homosexual or transgender does so 'because of sex' and therefore violates Title VII of the Civil Rights Act." 140 S.Ct. at 1737.) Importantly, Bostock lacks any analysis concerning §1983 and the statute's definition of "persons." Plaintiffs' reliance on Bostock is misplaced and CDCR's motion to dismiss all claims against it with prejudice must be granted on this ground as well.

///

III. ORDER

For the reasons set forth above, the Court DISMISSES all of Plaintiffs' claims against CDCR WITH PREJUDICE.

IT IS SO ORDERED.

Dated: May 5, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

6