UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF KENNETH DALE SUMNER, KERRI SUMNER, individually and as successors-in-interest to KENNETH DALE SUMNER; and D.S.A., a minor, by and through her guardian ad litem, KERRI SUMNER,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; DAVID AGUILAR; HUNTER DUNCAN; LENOARDO HERNANDEZ; ANTHONY LUNA; ISAAC SALCEDO; ANTHONY VELASQUEZ; OKALANI LATU, an individual; and DOES 7-20,<br><br>Defendants. | No. 2:22-cv-01638-JAM-DB<br><br>**ORDER GRANTING DAVID AGUILAR, HUNTER DUNCAN, LEONARDO HERNANDEZ, ANTHONY LUNA, ISAAC SALCEDO, AND ANTHONY VELASQUEZ'S MOTION TO DISMISS** |

The estate of Kenneth Sumner ("Sumner"), Kerri Sumner, and Sumner's minor child (collectively "Plaintiffs") filed this lawsuit against the California Department of Corrections and Rehabilitation ("CDCR"), various CDCR officers, Okalani Latu ("Latu"), a cellmate of Sumner, and fictitious persons, alleging a host of civil rights violations relating to Sumner's incarceration at CDCR's Substance Abuse Treatment Facility ("SATF") in Corcoran, California. See Second Am. Compl. ("SAC"), ECF No. 27. The CDCR officers—David Aguilar, Hunter Duncan,

1

Leonardo Hernandez, Anthony Luna, Isaac Salcedo, and Anthony Velasquez (collectively "Defendants")—bring this motion to dismiss ("motion"), asking the court to dismiss Plaintiffs' claims against them. See Mot. to Dismiss ("Mot."), ECF No. 42. Plaintiffs opposed and Defendants replied. See Opp'n, ECF No. 46; Reply, ECF No. 38.

For the reasons explained below, the Court GRANTS Defendants' motion.[1]

## I.  BACKGROUND

As the parties are already familiar with the facts, the Court only repeats them as needed to explain its decision. In July 2021, Sumner was incarcerated at SATF where he shared a cell with Latu. See SAC ¶ 19. After hearing "loud knocking noises" and "blood coming from the bottom" of Sumner and Latu's cell, Officer Duncan activated his personal alarm. See Id. ¶¶ 23-25. Sergeant Salcedo and Officers Aguilar, Hernandez, Velasquez, and Luna responded to the scene. Id. ¶¶ 26-28. Officer Duncan opened the cell's door and discovered Sumner on the floor in cardiac arrest. See Id. ¶ 25, 31. Officers Hernandez and Aguilar removed Latu to a holding cell. See Id. ¶ 28. Sumner was then airlifted to Kaweah Delta Medical Center and found apneic and pulseless upon arrival. See Id. ¶ 31. Sumner's scalp also exhibited stellate lacerations See Id. ¶ 32. Sumner was placed on life support but died five days later. See Id. ¶ 33.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 27, 2023.

Plaintiffs initiated this lawsuit on September 16, 2022 and subsequently filed two amended complaints. It is their Second Amended Complaint ("SAC"), filed on February 24, 2023, against CDCR, Defendants, Latu, and various fictious persons for state law claims and constitutional violations under 42 U.S.C. § 1983. See Id. ¶¶ 37-77, that Defendants now seek to dismiss.

## II. OPINION

### A. Legal Standard

When weighing a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly 550 U.S. 544, 570 (2007)). Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 545. Such statements are "legal conclusion[s] couched as factual allegation[s]" that must be dismissed. Papasan v. Allain, 478 U.S. 265, 286 (1986).

### B. Analysis

#### 1. Plaintiffs' Section 1983 Claim for Excessive Force

Plaintiff's first cause of action under section 1983 alleges Defendants violated Sumner's constitutional rights under the

Fourth, Eighth and Fourteenth Amendments to be free from excessive force. See SAC ¶¶ 37-43. However, because Sumner was "serving his sentence," SAC ¶ 19, Plaintiffs' claim is only viable under the Eighth Amendment's ban on cruel and unusual punishment that protects prisoners from physically abusive governmental conduct. Graham v. Connor, 490 U.S. 386, 394 (1989); see also Whitley v. Albers, 475 U.S. 312, 318-326 (1986) (claim of excessive force to subdue convicted prisoner analyzed under an Eighth Amendment standard). The Fourth and Fourteenth Amendments are inapplicable as the former protects free citizens from unreasonable searches and seizures, while the latter protects pretrial detainees from the "use of excessive force that amounts to punishment." Id. at 394-395; see also Tennessee v. Garner, 471 U.S. 1, 7-22 (1985) (claim of excessive force to effect arrest analyzed under a Fourth Amendment standard).[2] The Court therefore limits its analysis to excessive force under the Eighth Amendment.

An Eighth Amendment claim for excessive force arises when prison officials participate in "the unnecessary and wanton infliction of pain," Hudson v. McMillian, 503 U.S. 1, 5 (1992), that causes a plaintiff harm, Hoard v. Hartman, 904 F.3d 780, 788 n.9 (9th Cir. 2018). To determine whether such force existed,

---

[2] Plaintiffs' SAC also asserts this claim under the Fifth Amendment. However, Plaintiffs cannot rely on this constitutional provision because: (1) it only applies to the federal government; and (2) Defendants are state actors. See Ludavico v. Sacramento Cnty., No. 2:08-CV-01473-MCE, 2012 WL 5424719, at *3 (E.D. Cal. Nov. 6, 2012). Given Plaintiffs' reliance on the Fifth Amendment fails as a matter of law, the Court need not address it further.

4

the Court's "core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id.  Plaintiffs allege Defendants subjected Sumner to excessive force because his scalp exhibited stellate lacerations consistent with a boot—a shoe Plaintiffs contend is unavailable to inmates but required by CDCR's uniform.  See SAC ¶¶ 20, 28, 32.  To support this conclusion, Plaintiffs point to the fact that: (1) a search of Latu's cell following Defendants' intervention "came up empty," id. ¶ 28; and (2) Sumner died from "blunt-force trauma sustained in the assault," id. ¶ 32.  Plaintiffs argue these facts sufficiently demonstrate Defendants: (1) "abused their authority as [] correctional officer[s] when one of their boots beat Mr. Sumner until he was placed in cardiac arrest and lost full consciousness," id. ¶ 40; and (2) "knowingly and intentionally employed force that was harmful, unwanted, and excessive, and was employed with the intent of causing pain to [Sumner] for a purpose unrelated to any legitimate official objective," id. ¶ 39.

In response, Defendants argue Plaintiffs' SAC fails to state a claim because it "does not plead facts showing use of excessive force by any Defendant."  Mot. at 6.  They also argue the SAC consists of "conclusory assertions that . . . do[] not supply any factual support for this verbatim list of the elements of an excessive force claim."  Id.  To highlight the SAC's deficiencies, Defendants point to the fact that "[i]t does not state who apart from Defendants generically used force, when they used force, how they used force, or where they used force."  Id.

1  at 6-7.  As a result, Defendants argue the SAC is "no more than
2  [a] conclusion [and] not entitled to the assumption of truth."
3  Id. quoting Iqbal, 556 U.S. at 679.
4     After careful examination, the Court agrees with Defendants
5  and finds Plaintiffs have failed to sustain their burden under
6  Iqbal.  First, the Court notes the SAC's timeline conflicts with
7  the conclusion Plaintiffs want the Court to draw, i.e.,
8  Defendants caused Sumner's life-ending injuries. Specifically
9  the SAC alleges: (1) Duncan activated his alarm after he saw
10 blood coming from Sumner and Latu's cell, SAC ¶ 23; and (2)
11 Sumner "was already in full blown cardiac arrest once Corcoran
12 staff finally intervened," id. ¶ 25.  These facts suggest the
13 harm causing Sumner's death occurred prior to Defendants' alleged
14 involvement, preventing the Court from making "the reasonable
15 inference that the [Defendants] [are] liable for the misconduct
16 alleged." Iqbal, 556 U.S. at 678.  Instead, such facts suggest
17 Latu caused the injuries resulting in Sumner's death—not
18 Defendants.  Absent sufficient facts showing Defendants caused
19 Sumner harm—an essential element of an Eighth Amendment claim for
20 excessive force—this claim must be dismissed.
21    Second, the Court agrees with Defendants that Plaintiffs'
22 SAC lacks the factual content the Court needs to find their
23 allegations satisfactory under Iqbal.  In particular, the SAC
24 only refers to Defendants collectively and does not explicitly
25 identify who allegedly used force against Sumner.  See J.M. v.
26 Pleasant Ridge Union Sch. Dist., No. CV-216-00897-WBS-CKD, 2017
27 WL 117965, at *2 (E.D. Cal. 2017) ("Failure to delineate conduct
28 by a specific defendant prevents the court from drawing the

6

reasonable inference that the specific defendant is liable for the claim alleged and justifies dismissal of the claim."). Moreover, the SAC also fails to specifically allege how and when the force was exerted, or what motivated the use of such force. Instead, the SAC only provides conclusory statements that regurgitate the elements of an Eighth Amendment excessive force claim. See e.g., SAC ¶ 39 ("Defendants knowingly and intentionally employed force that was harmful, unwanted, and excessive, and was employed with the intent of causing pain to Plaintiff for a purpose unrelated to any legitimate official objective."). Such assertions are "legal conclusion[s] couched as factual allegation[s]," Papsan, 478 U.S. at 286, thwarting the Court's ability to assess "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 5; see also Hoard, 904 F.3d at 788 ("Put simply, officer intent—not officer enjoyment—serves as the core dividing factor between constitutional and unconstitutional applications of force."). Lacking non-conclusory facts addressing Defendants' intent, Plaintiffs' Eighth Amendment claim for excessive force must be dismissed.

    The Court comes to this conclusion despite Plaintiffs' argument that the SAC alleges: (1) Sumner "died from the injuries sustained by a horrific boot[]stomp according to medical records," Opp'n at 6; and (2) "medical reports revealed that Mr. Sumner's actual cause of death was critical blunt force head and chest trauma," Opp'n at 6-7. The SAC does not contain such allegations and, therefore, Plaintiffs' arguments "are not within

the four corners of the complaint." Bailey v. MacFarland, No. 2:15-CV-01725-TLN-AC, 2016 WL 2626040, at *4 (E.D. Cal. May 9, 2016). Accordingly, the "Court's consideration of these allegations is not appropriate in a ruling on a motion to dismiss." Id.

For these reasons, Plaintiffs' section 1983 claim for excessive force is dismissed. Dismissal will be with prejudice as Plaintiffs have had ample opportunity to properly plead this cause of action and have failed three times to do so. The Court finds that further amendment would be futile. See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (finding leave to amend need not be granted when amendment would be futile).

### 2. Plaintiffs' Section 1983 Claim for Failure to Protect

Plaintiffs' third cause of action under section 1983 alleges Defendants failed to protect Sumner as the Eighth Amendment requires. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal citation omitted). Prison officials' failure to perform this duty results in an Eighth Amendment violation when: "(1) the deprivation alleged is objectively, sufficiently serious and (2) the prison officials had a sufficiently culpable state of mind, acting with deliberate indifference." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (internal citations omitted).

Plaintiffs argue Defendants failed to protect Sumner from Latu by "ma[king] intentional decisions that placed [Sumner] in substantial risk," SAC ¶ 54, and "fail[ing] to take reasonable

8

1  measures to abate the substantial risk of harm to [him]," id.
2  ¶ 55.  To support these contentions, Plaintiffs allege:
3  (1) "Corcoran Staff placed [Sumner] in a cell with Mr. Latu," SAC
4  ¶ 19; (2) Mr. Latu was "a notoriously violent and unrepentant
5  inmate," id.; and (3) "Defendant officers knew about and
6  disregarded the substantial safety risk [Sumner] faced while
7  allegedly locked in the same cell as Mr. Latu," id. ¶ 55.  To
8  buttress their third point, Plaintiffs point to the fact that:
9  (1) Officer Duncan "dismissed the sounds of a violent commotion
10 within the cell with a simple request for Mr. Latu to 'stop his
11 actions,'" id.; and (2) Defendants failed to "conduct routine
12 cell-checks," id. ¶ 56.  In response, Defendants contend
13 "Plaintiffs plead no facts showing [] Defendant[s] knew of, and
14 disregarded a substantial risk to [Sumner]." Mot. at 8.
15      The Court agrees with Defendants.  "As to all Defendants
16 except Duncan, the SAC pleads that they responded almost
17 immediately to Duncan's alarm and acted to restrain Latu."  Id.
18 Such facts undermine Plaintiffs' claim that the responding
19 officers "knew of and disregarded a substantial risk of harm to
20 [Sumner]."  Id.  Rather, such facts suggest the officers
21 responded with urgency and took the matter seriously.
22 Furthermore, as to Defendant Duncan, the SAC asserts he ordered
23 Latu to stop when he heard loud knocking noises from the cell and
24 then activated his alarm as soon as he saw blood emerging from
25 the cell.  See SAC ¶¶ 22-24.  Moreover, as Defendants point out,
26 "the SAC does not state any facts showing that Duncan should have
27 sounded the alarm earlier, does not state how much time passed
28 before Duncan activated his alarm, and does not state any facts

9

showing that an earlier alarm press would have a made a difference." Mot. at 8. The Court finds that the SAC's facts actually suggest Defendant Duncan responded to the risk Latu posed to Sumner in a contemporaneous manner. Lastly, Plaintiffs fail to plead any facts regarding cell checks which would support a claim that Defendants acted with deliberate indifference. For example, they do not provide facts regarding when the cell checks were supposed to occur, who was responsible for executing them, and "whether any Defendant knew of a substantial risk to [Sumner] if a cell check was not conducted and ignored that risk." Id. Because this third cause of action does not sufficiently allege that Defendants acted with deliberate indifference towards Sumner, it cannot survive Defendants' 12(b)(6) motion and is dismissed with prejudice.

The Court reaches this conclusion even though Plaintiffs' opposition argues "it is unreasonable to believe that all the other Defendant officers (who were all in closer proximity to [Sumner] than Officer Duncan) failed to hear any noises until Officer Duncan activated the alarm system." Opp'n at 8. However, the SAC does not allege that the responding officers were in close proximity to Sumner's cell. Instead, the SAC only states the responding officers were in SATF's Facility C when Latu attacked Sumner. See SAC ¶¶ 27-29. Again, Plaintiffs' opposition's assertions "are not within the four corners of the complaint." Bailey v. MacFarland, No. 2:15-CV-01725-TLN-AC, 2016 WL 2626040, at *4 (E.D. Cal. May 9, 2016), and the "Court's consideration of these allegations is not appropriate in a ruling on a motion to dismiss." Id. Furthermore, Facility C is an

extensive complex that includes eight housing units, two large recreational yards, a law library, medical and dental units, a chapel, a small and enclosed yard, and several program offices. See Martinez v. Allison, No. 1:11-CV-00293-LJO, 2014 WL 12972320, at *4 (E.D. Cal. Aug. 11, 2014) (describing Facility C at SATF). Plaintiffs' claim that Defendants could hear Latu attack Sumner because they were in Facility C fails to plausibly establish they were within earshot of the cell and cannot save this claim on a motion to dismiss. Plaintiffs' third cause of action for failure to protect under section 1983 is dismissed. The Court dismisses this claim with prejudice as further amendment would be futile. See Gompper, 298 F.3d at 898.

### 3. Plaintiffs' Section 1983 Claim for Cruel and Unusual Punishment

Plaintiffs' second cause of action under section 1983 alleges Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment. See SAC ¶¶ 44-51.[3] This cause of action duplicates Plaintiffs' first and third claims for excessive force and failure to protect. See SAC ¶¶ 47-48 (alleging Defendants violated Sumner's rights under the Eighth Amendment when they "imposed an extreme example of cruel and unusual punishment when they either participated in or allowed Mr. Sumner to be physically beaten until he lost consciousness and fell into cardiac arrest"); see also Id. ¶ 49 (asserting Defendants actions of allowing Sumner to be "beaten by a uniform

---

[3] Plaintiff also asserts this claim under the Fifth Amendment. However, Plaintiffs cannot rely on this constitutional provision for the reasons discussed supra in note 1.

mandated boot was harmful, unwanted, and excessive . . . it was also with deliberate indifference to the rights and safety of [Sumner]."). Because this claim echoes the first and third causes of action, Defendants argue it should be dismissed because it is: (1) redundant; and (2) fails for the reasons discussed above. See Mot. at 9. In response, Plaintiffs argue they properly plead cruel and unusual punishment, See Opp'n at 9, and, in support, simply restate their excessive force and failure to protect allegations. See Id. The Court finds Plaintiffs have failed to distinguish this cause of action from their first and third claims and, for the same reasons as stated above for the first and third, dismisses it with prejudice as further amendment would be futile. See Gompper, 298 F.3d at 898.

        4. Plaintiffs' Monell Claim and Official Capacity Claims

In addition to their section 1983 claims, Plaintiffs also bring a Monell claim against the moving Defendants and sues them in their official capacities. See SAC ¶¶ 4-9, 61-64. Defendants argue the Court must dismiss this fourth cause of action with prejudice since the Eleventh Amendment immunizes them from suit and Monell claims are only applicable to local entities—which the moving Defendants are not. See Lewis v. Clarke, 581 U.S. 155, 162 (2017); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). See Mot. at 4, 9. Plaintiffs concede the Eleventh Amendment shields Defendants from liability in their official capacities and otherwise fail to oppose the dismissal of their Monell claim. See Opp'n at 5. The Court therefore dismisses the fourth cause of action with prejudice. See Hoggan v. Specialized

Loan Servicing, LLC, No. 2:21-CV-01862-TLN-CKD, 2022 WL 4291421, at *8 (E.D. Cal. Sept. 16, 2022) ("When a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, [the] court generally dismisses it with prejudice.").

    C.   The Court Declines Supplemental Jurisdiction Over Plaintiffs' State Claims

A district court may sua sponte decline to exercise supplemental jurisdiction over pendant state law claims if it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Court has original jurisdiction over Plaintiffs' section 1983 claims.  Having dismissed these claims with prejudice, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss.  Plaintiffs' first, second, third and fourth causes of action under section 1983 are DISMISSED WITH PREJUDICE.  The Court declines to exercise its jurisdiction over Plaintiffs' remaining state claims.

IT IS SO ORDERED.

Dated: September 1, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

13