UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ESTATE OF KENNETH DALE SUMNER; KERRI SUMNER, individually and as successor-in-interest to KENNETH DALE SUMNER; and D.S.A., a minor, by and through her guardian ad litem, KERRI SUMNER,

Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; DAVID AGUILAR; HUNTER DUNCAN; LEONARDO HERNANDEZ; ANTHONY LUNA; ISAAC SALCEDO; ANTHONY VELASQUEZ; OKALANI LATU, an individual; and DOES 9-20,

Defendants.

No. 2:22-cv-01638-JAM-SCR

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

The estate of Kenneth Sumner ("Sumner"), Kerri Sumner, and Sumner's minor child (collectively, "Plaintiffs") brought this action against the California Department of Corrections and Rehabilitation ("CDCR"), various CDCR officers, and Okalani Latu (Sumner's cellmate), alleging civil rights violations regarding Sumner's incarceration at CDCR's Substance Abuse Treatment Facility ("SATF") in Corcoran, California. See Third Am. Compl. ("TAC"), ECF No. 59. CDCR officers David Aguilar, Hunter Duncan, Leonardo Hernandez, Anthony Luna, Isaac Salcedo, and Anthony

Velasquez (collectively, "Defendants") move to dismiss all of Plaintiffs' claims. See Mot., ECF No. 60. Plaintiffs opposed. See Opp'n, ECF No. 62. Defendants replied, though they failed to comply with the Court's order regarding the length of their brief. See Reply, ECF No. 63; Order Re Filing Requirements, ECF No. 4-2. For the following reasons, the Court grants Defendants' motion and dismisses Plaintiffs' federal claims with prejudice.[1]

I. BACKGROUND

Given the parties' familiarity with this case, the Court need not recount all background facts set forth in its prior orders and instead provides a summary. See ECF Nos. 45, 50. In July 2021, Sumner was incarcerated at SATF where he shared a cell with Latu. TAC ¶ 19. After hearing "loud knocking noises" and seeing "blood coming from the bottom" of Sumner and Latu's cell, Duncan activated his personal alarm. Id. ¶¶ 26-27. Salcedo, Aguilar, Hernandez, Velasquez, and Luna responded to the scene. Id. ¶¶ 29-31. Duncan opened the cell's door and discovered Sumner on the floor in cardiac arrest. Id. ¶¶ 28, 31. Sumner was airlifted to a hospital where he was found apneic and pulseless. Id ¶ 35. Sumner was placed on life support but died five days later. Id. ¶ 36. The medical and autopsy reports showed that Sumner's injuries were inflicted by the blunt force trauma of an object or repeated stomping. Id. ¶¶ 22, 31.

Plaintiffs initiated this lawsuit on September 16, 2022. ECF No. 1. On May 8, 2023, this Court dismissed all of

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 3, 2025.

Plaintiffs' claims against CDCR with prejudice. ECF No. 45. Plaintiffs did not challenge this dismissal on appeal. See Ninth Circuit Memorandum at 2 n. 1, ECF No. 57. Accordingly, CDCR is no longer a party in this action. On September 5, 2023, this Court dismissed Plaintiffs' federal claims against Defendants without leave to amend. ECF No. 50. Plaintiffs appealed this latter order. See Ninth Circuit Memorandum. The Ninth Circuit affirmed this Court's dismissal of Plaintiffs' claims but reversed as to granting leave to amend. Id. at 2-6.

On remand, Plaintiffs filed their Third Amended Complaint. See ECF Nos. 58-59. The only substantive change from the Second Amended Complaint was Plaintiffs pleading that Defendants harmed Sumner because "patterns from a lug-soled boot and a zigzag sole of a sneaker were left on Mr. Sumner's face." See TAC ¶¶ 22, 47. In addition to state law claims, Plaintiffs bring four federal claims against Defendants: (1) excessive force under 42 U.S.C. Section 1983; (2) failure to intervene under Section 1983; (3) failure to protect under Section 1983; and (4) a Monell violation of an unconstitutional municipal custom under Section 1983. Id. ¶¶ 41-70. Plaintiffs also bring these causes of action against CDCR. However, because CDCR is no longer a party in this action, the Court disregards it for purposes of this motion.

For the reasons discussed below, Defendants now move to dismiss the federal claims against them. See generally Mot.

## II. OPINION

### A. Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of a


complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. Conclusory allegations are not to be considered in the plausibility analysis. Id. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). When a plaintiff fails to "state a claim upon which relief can be granted," the Court must dismiss the claim. Fed. R. Civ. P. 12(b)(6).

B. Analysis

1. Whether Defendants Can Be Sued Under Section 1983

Defendants first argue that they cannot be sued pursuant to Section 1983. Mot. at 6-7. Plaintiffs sue Defendants in their official and individual capacities. See TAC ¶¶ 4-9. Defendants correctly state that Section 1983 suits can only be brought against state officials in their official capacity where the plaintiff seeks injunctive relief. See Mot. at 6 (citing Wills v. Michigan Dept. of State Police, 491 U.S. 58, 71 n. 10 (1989)). However, the Eleventh Amendment does not bar federal claims

seeking damages against a state official acting in his personal capacity. Alden v. Maine, 527 U.S. 706, 756–57 (1999). Accordingly, Plaintiffs have properly brought claims under Section 1983 against Defendants in their individual capacities.

2. Plaintiffs' Section 1983 Claim for Excessive Force

Plaintiffs' first cause of action under Section 1983 alleges Defendants violated Sumner's constitutional rights under the Eighth Amendment. TAC ¶¶ 41-47. An Eighth Amendment claim for excessive force arises when prison officials participate in "the unnecessary and wanton infliction of pain" that causes a plaintiff harm. See Hudson v. McMillian, 503 U.S. 1, 5 (1992; Hoard v. Hartman, 904 F.3d 780, 788 n.9 (9th Cir. 2018).

Plaintiffs' claim fails for the same reason it failed last time: Plaintiffs do not plausibly allege that any Defendant harmed Sumner. Plaintiffs plead that Defendants did not locate an object on Latu's body or in his cell that could have caused the blunt force trauma to Sumner's head. TAC ¶ 31. They further stated that Sumner died from "blunt force trauma inflicted by a repeated stomping." Id. ¶ 22. Plaintiffs argue that because "patterns from a lug-soled boot and a zigzag sole of a sneaker were left on Mr. Sumner's face," and because inmates are not authorized to wear boots, a Defendant must have harmed Sumner. See Opp'n at 7-8 (citing TAC ¶¶ 22, 24).

This claim fails for three reasons. First, Plaintiffs do not plead which Defendant harmed Sumner. Because Plaintiffs continue to refer to Defendants collectively, this claim must be dismissed. See J.M. v. Pleasant Ridge Union Sch. Dist., No. CV-216-00897-WBS-CKD, 2017 WL 117965, at *2 (E.D. Cal. 2017)

("Failure to delineate conduct by a specific defendant prevents the court from drawing the reasonable inference that the specific defendant is liable for the claim alleged and justifies dismissal of the claim.").

Second, Plaintiffs do not plead any factual allegations that allow the Court to draw the reasonable inference that at least one Defendant harmed Sumner. As Plaintiffs plead, all CDCR officers are required to wear boots, so Sumner possibly could have been harmed by another officer or individual who had access to a boot. See id. ¶ 34. Plaintiffs only show that it is possible that one of Defendants harmed Sumner, but that does not make their claim plausible. See Iqbal, 556 U.S. at 678 (holding that the plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully").

Finally, the TAC's timeline conflicts with Plaintiffs' legal conclusion that Defendants harmed Sumner. Plaintiffs allege that Duncan activated his alarm after he saw blood coming from Sumner's cell, and that Sumner "was already in full cardiac arrest once Corcoran staff finally intervened." TAC ¶¶ 27-28. These factual allegations suggest the harm causing Sumner's death occurred prior to Defendants' involvement, which prevents the Court from drawing the reasonable inference that the Defendants are liable. See Iqbal, 556 U.S. at 678.

In short, as the Ninth Circuit observed on appeal, Plaintiffs' complaint "fails to allege how the force was applied, when the alleged boot stomp took place, or whom, out of the six Defendant officers, was responsible for the alleged boot stomp giving rise to the excessive force claim." Ninth Circuit

Memorandum at 3. The TAC does not fill in these gaps that this Court and the Ninth Circuit found fatal to Plaintiffs' excessive force claim. Instead, Plaintiffs only put forth one new allegation—that there were two distinct shoeprints on Sumner's face—that does not support the legal conclusion that Defendants are liable. Because Plaintiffs do not plausibly plead that Defendants harmed Sumner, their claim for excessive force fails.

3. Plaintiffs' Section 1983 Claim for Failure to Protect

Plaintiffs' third section 1983 claim alleges Defendants failed to protect Sumner in violation of the Eighth Amendment. TAC ¶¶ 57-66. Prison officials "have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (cleaned up). Prison officials violate this duty when the alleged deprivation of rights at the hands of another prisoner is "objectively, sufficiently serious," and the prison officials "had a sufficiently culpable state of mind, acting with deliberate indifference." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (internal quotation marks and citations omitted). That is, to be liable, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiffs present two theories of how Defendants acted with deliberate indifference. First, Plaintiffs contend that Defendants failed to protect Sumner from Latu by making "intentional decisions that placed Mr. Sumner in substantial risk" and failing "to take reasonable available measures to abate

the substantial risk of harm to [him].” TAC ¶¶ 59-60. They support this legal conclusion by alleging that Defendants placed Sumner in a cell with Latu even though Latu was “a notoriously violent and unrepentant inmate” who had a “history of violence towards fellow inmates.” TAC ¶¶ 19-20. But these are the same allegations that failed to state a claim last time. As the Ninth Circuit held, Plaintiffs’ complaint “does not present any allegations as to Defendant officers’ knowledge of Latu’s violence while incarcerated or allege facts supporting the claim that the officers deliberately disregarded a risk to Sumner’s safety.” See Ninth Circuit Memorandum at 3. Critically, the complaint still lacks factual allegations “supporting that the Defendant officers were aware of any existing animosity between Latu and Sumner, or that they should have known that Latu posed a specific threat to Sumner to which they were deliberately indifferent.” See id. at 3-4 (emphasis original). Plaintiffs do not cure these deficiencies in the TAC, and thus this theory of deliberate indifference falls short.

Second, Plaintiffs argue that Defendants failed to protect Sumner by not responding more quickly to the assault. Plaintiffs allege that Duncan dismissed “the sounds of a violent commotion within the . . . cell with a simple request for Mr. Latu to ‘stop his actions’” and Defendants also failed to “conduct routine cell-checks.” TAC ¶¶ 61-62. These allegations are the same as in the Second Amended Complaint and fail again. As an initial matter, Plaintiffs’ allegation of Defendants failing to conduct routine cell checks is “devoid of any factual detail” that would permit the Court to draw an inference of deliberate indifference.

See Ninth Circuit Memorandum at 3 n. 2.

Regarding Duncan's response to the assault, Plaintiffs argue that he should have done more than tell Latu to "stop his actions." Opp'n at 6 (citing TAC ¶ 27). This allegation does not show deliberate indifference because it does not demonstrate that Duncan knew of and disregarded a substantial risk to Sumner. Indeed, Plaintiffs do not show that Duncan inferred from the loud noises that there was a substantial risk of harm to Sumner. See Farmer, 511 U.S. at 837. Moreover, when Duncan saw "blood coming from the bottom of the cell door," he activated his alarm and called for assistance. TAC ¶ 23. This allegation shows that Duncan responded promptly to the incident.

As to the other Defendants, Plaintiffs argue that Defendants were in "close proximity" to Sumner's cell and therefore should have intervened sooner. Opp'n at 6. But in the TAC, Plaintiffs only allege that Defendants were in SATF's Facility C when Sumner was attacked. See TAC ¶¶ 26-29. Facility C is an extensive complex that includes eight housing units, two large recreational yards, a law library, medical and dental units, a chapel, an enclosed yard, and several program offices. See Martinez v. Allison, No. 1:11-CV-00293-LJO, 2014 WL 1102704, at *4 (E.D. Cal. Mar. 14, 2014), report and recommendation adopted, No. 111CV00293LJODLBPC, 2014 WL 12972320 (E.D. Cal. Aug. 11, 2014). Given this context, the Court cannot draw the reasonable inference that Defendants heard loud noises from Sumner's cell simply because they were in the same complex. And even if the Court could draw such an inference, Plaintiffs do not plausibly plead that Defendants inferred from any noise that there was a

substantial risk of harm to Sumner. See Farmer, 511 U.S. at 837. Moreover, Plaintiffs themselves plead that Defendants immediately responded to the incident after Duncan activated his alarm. See TAC ¶¶ 29-31. These allegations do not demonstrate that Defendants knew of and disregarded a substantial risk to Sumner. On the contrary, they show that Defendants acted promptly and took the matter seriously.

Because Plaintiffs do not plausibly state that Defendants acted with deliberate indifference, this claim must be dismissed.

4. Plaintiffs' Section 1983 Claim for Failure to Intervene

Plaintiffs' second section 1983 claim alleges Defendants failed to intervene and therefore violated the Eighth Amendment's prohibition on cruel and unusual punishment. See TAC ¶¶ 48-56. Defendants argue that this cause of action duplicates Plaintiffs' third claim for failure to protect. Mot. at 12. The Court agrees, finding that this claim is also duplicative of Plaintiffs' first claim for excessive force. See TAC ¶ 52 (alleging Defendants imposed cruel and unusual punishment by harming Sumner or allowing him to be harmed); id. ¶ 53 (alleging Defendants acted with "deliberate indifference to the rights and safety" of Sumner by either harming him or allowing him to be harmed). Plaintiffs argue they properly allege failure to intervene, but they support their position by rehashing their allegations and arguments from their other claims. See Opp'n at 9-10. Accordingly, the Court finds Plaintiffs fail to distinguish this claim and therefore dismisses it as redundant. Alternatively, to the extent that Plaintiffs state a separate

claim, it is dismissed for the reasons analyzed above.

5. Plaintiffs' Monell Claim and Official Capacity Claims

Plaintiffs' final federal claim is pursuant to Monell against Defendants in their official capacities. See TAC ¶¶ 4-9, 67-70. Defendants argue the Court must dismiss these claims because the Eleventh Amendment immunizes them from suit, as Monell claims are only applicable to local entities, not state entities like Defendants. See Mot. at 12 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).

The Court agrees with Defendants. See Krainski v. State ex rel. Bd. of Regents, 616 F.3d 963, 967 (9th Cir. 2010) (holding that actions in federal court against state officials in their official capacity are barred by the Eleventh Amendment); Quern v. Jordan, 440 U.S. 332, 344-45 (1979) (holding that Congress did not abrogate a state's Eleventh Amendment immunity from suit through enactment of Section 1983). Plaintiffs also fail to respond to Defendants' argument and, in fact, do not even address their Monell claim in their brief. The Court construes Plaintiffs' failure to respond as a non-opposition to the argument. See L.R. 230(c); California Parents for Equalization of Educ. Materials v. Noonan, 600 F. Supp. 2d 1088, 1115 (E.D. Cal. 2009); Hall v. Mortg. Invs. Grp., No. 2:11-CV-00952-JAM, 2011 WL 4374995, at *5 (E.D. Cal. Sept. 19, 2011). Accordingly, Plaintiffs' Monell claim is dismissed.

C. Leave to Amend

A court granting a motion to dismiss a claim must then decide whether to grant leave to amend. Leave to amend should be

"freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted).

Here, no claim can be "saved by any amendment." See id. Plaintiffs have amended their complaint three times and still fail to state a claim under federal law. In addition to this Court's Order, Plaintiffs had the benefit of a Ninth Circuit memorandum laying out precisely why their claims were implausible, yet Plaintiffs failed to cure any deficiency upon amendment. Plaintiffs also do not identify any potential allegations they could plead in an amended complaint that would save any claim. Because the Court finds that amendment would be futile, it dismisses Plaintiffs' federal claims with prejudice.

D.  The Court's Supplemental Jurisdiction Over Plaintiffs' State Claims

A district court may sua sponte decline to exercise supplemental jurisdiction over pendant state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court has original jurisdiction over Plaintiffs' Section 1983 claims. Having dismissed these claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.
///

E. Sanctions for Failure to Comply with the Court's Order

Defendants' Reply exceeded the Court's page limit. See Order re Filing Requirements at 1. Defendants' Reply was ten pages, and the filing requirements limit this brief to five pages and call for sanctions of $50 per page exceeding the limit. See id. Local Rule 110 authorizes the Court to impose sanctions for "failure of counsel or of a party to comply with . . . any order of the Court." Therefore, the Court sanctions Defendants' counsel, Jeremy Duggan, $250.

III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss. Plaintiffs' First, Second, Third, and Fourth Causes of Action are DISMISSED WITH PREJUDICE. The Court declines to exercise its jurisdiction over Plaintiffs' remaining state claims.

It is further ordered that within ten (10) days of this Order Jeremy Duggan shall pay sanctions of $250.00 to the Clerk of the Court.

IT IS SO ORDERED.

Dated: June 3, 2025

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE